IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 13-20029-03-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| RICHARD FISHER, ) | No. 17-2218-KHV |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion Under 28 USC § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #94) filed April 14, 2017. On April 25, 2017, the Court directed the parties to file briefs on the limited issue of potential procedural bars to defendant's motion. Memorandum And Order (Doc. #95); see United States v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994) (court may raise and enforce procedural bar *sua sponte* if doing so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt administration of justice). In particular, the Court directed the parties to address whether defendant's motion is barred as untimely. On May 25, 2017, the government filed a brief on the issue. See Government's Response To Court's Order (Doc. #99). Defendant has not filed a reply. For reasons stated below, the Court overrules defendant's motion to vacate and denies a certificate of appealability.

**Factual Background**

On March 15, 2013, a grand jury charged Richard Fisher with two counts of transporting firearms in interstate commerce after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). See Indictment (Doc. #1), Counts 8 and 11. On September 25, 2013, pursuant

to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty to both counts. See Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #47). The agreement proposed a sentence of 180 months in prison. See id., ¶ 3. Defendant had a total offense level of 31 with a criminal history category VI for a guideline range of 188 to 235 months in prison. See Presentence Investigation Report (Doc. #63) filed December 30, 2013, ¶ 127. On January 7, 2014, the Court accepted the Rule 11(c)(1)(C) agreement and sentenced defendant to 180 months in prison on Counts 8 and 11, with the terms to be served concurrently.

On April 14, 2017, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Defendant asserts that under Mathis v. United States, 136 S. Ct. 2243 (2016), his prior offenses no longer qualify as predicate offenses under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Defendant asserts that absent the enhancement under the ACCA, the Court should reduce his sentence to the statutory maximum of 120 months found in 18 U.S.C. § 922(g).

**Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).

The government asserts that defendant's claim is barred as untimely. See Government's Response To Court's Order (Doc. #99) filed May 25, 2017 at 2-5. Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final. If defendant does not directly appeal his conviction or sentence, the conviction becomes final upon the expiration of the time to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, on January 8, 2014, the Court entered

judgment. See Judgment In A Criminal Case (Doc. #66). Under Rule 4(b) of the Federal Rules of Appellate Procedure, defendant's judgment became final 14 days later on January 22, 2014. Therefore defendant had until January 22, 2015 to file a motion to vacate under Section 2255.

Under Section 2255(f)(3), the Court can consider a claim which is filed after the one-year deadline, but within one year of the date on which the right asserted was initially recognized by the Supreme Court, "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). A case announces a new rule if controlling precedent at the time defendant's conviction became final did not dictate the same result. Teague v. Lane, 489 U.S. 288, 301 (1989). In Mathis itself, however, the Supreme Court noted that it was not announcing a new rule because prior precedent dictated the result in that case. 136 S. Ct. at 2257. The Supreme Court noted as follows:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct – his particular means of committing the crime – falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were – just the facts, which ACCA (so we have held, over and over) does not care about.

Id.; see United States v. Taylor, 672 F. App'x 860, 864 (10th Cir. 2016) (Mathis did not announce new rule); Dawkins v. United States, 829 F.3d 549, 551 (7th Cir. 2016) (same). Because Mathis did not announce a new rule, defendant is not entitled to tolling under Section 2255(f)(3).

Defendant has not asserted any other basis for tolling of the statutory deadline. Under certain circumstances a claim of actual innocence may be a ground for equitable tolling of the limitations period. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling available only in rare and exceptional circumstances such as when prisoner "actually innocent"). Defendant has

not presented any factual support for equitable tolling and the Court finds no basis for applying the doctrine in this case.

In sum, the Court overrules as untimely defendant's motion to vacate his sentence based on Mathis.

### **Conclusion**

Defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing required only if "petitioner's allegations, if proved, would entitle him to relief" and allegations not contravened by record).

### **Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[1] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims

---

[1] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)).  For reasons stated above, the Court finds that defendant has not satisfied this standard.  The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 USC § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #94) filed April 14, 2017 is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 28th day of July, 2017 at Kansas City, Kansas.

                                           s/ Kathryn H. Vratil
                                           KATHRYN H. VRATIL
                                           United States District Judge