# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 13-20029-03-KHV |
| | ) | |
| RICHARD FISHER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On January 7, 2014, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., the Court sentenced defendant to 180 months in prison. Defendant did not appeal. On July 28, 2017, the Court overruled defendant's motion to vacate his sentence under 28 U.S.C. § 2255 and denied a certificate of appealability. See Memorandum And Order (Doc. #100). This matter is before the Court on defendant's Memorandum Of Law [And] Motion To Obtain Sentencing Transcripts, Docket Sheet, Judgment Of Commitment, And Plea Agreement (Doc. #101) filed August 20, 2018. Defendant states that he needs a copy of the sentencing transcript and other documents to prepare a motion under 28 U.S.C. § 2255. The Court directs the Clerk to provide defendant a copy of the docket sheet. For reasons stated below, however, the Court overrules defendant's other requests.

Defendant seeks a transcript of the sentencing proceeding. At this stage, the court reporter has not prepared a transcript of the proceeding. Absent a showing of particularized need, the Court generally does not provide copies of transcripts or other information to indigent prisoners. Rule 7 of the Rules Governing Section 2255 Proceedings (if motion not summarily dismissed, court may order expansion of record to include additional materials relevant to motion); see 28 U.S.C. § 753 (fees for transcripts paid by United States if judge certifies that suit or appeal is not

frivolous and that transcript is needed to decide issue presented); 28 U.S.C. § 2250 (United States shall furnish without cost to indigent prisoner such documents as judge may require); Brown v. N.M. Dist. Court Clerks, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); United States v. Sistrunk, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record); see also United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998) (motion for free transcript under Section 753 not ripe until Section 2255 motion has been filed). As explained above, defendant has already filed a motion to vacate under 28 U.S.C. § 2255. Defendant has not shown why the sentencing transcript and other materials are necessary to prepare a motion for leave to file a successive Section 2255 motion. Moreover, it does not appear that he has a potentially meritorious claim which would survive the stringent gatekeeping requirements for successive motions. The Court therefore overrules defendant's additional request for the sentencing transcript and other documents.

**IT IS THEREFORE ORDERED** that defendant's Memorandum Of Law [And] Motion To Obtain Sentencing Transcripts, Docket Sheet, Judgment Of Commitment, And Plea Agreement (Doc. #101) filed August 20, 2018 is **SUSTAINED in part**. The Court directs the Clerk to provide defendant a copy of the docket sheet. The Court otherwise overrules defendant's motion.

Dated this 4th day of October, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge